[763 NYS2d 625]

In the Matter of DERRICK G. ARJUNE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 7, 2003

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing five charges of professional misconduct. In his answer, he admitted Charges One, Four, and Five, and denied Charges Two and Three. At the hearing, the petitioner's case consisted of one exhibit and the testimony of one witness. The respondent testified on his own behalf. At the conclusion of the hearing, the Special Referee sustained all of the charges except Charge Two. The petitioner moves to confirm the Special Referee's report insofar as it sustained Charges One, Three, Four, and Five and to disaffirm the report insofar as it failed to sustain Charge Two. The respondent has not submitted any papers in opposition or response to the petitioner's motion.

Charge One alleged that the respondent improperly entered into a business transaction with a client, in violation of Code of Professional Responsibility DR 5-104 and DR 1-102 (a) (7) (22 NYCRR 1200.23, 1200.3 [a] [7]). In December 1998 Clare Williams retained the respondent to represent her in a matrimonial matter. Between March 1999 and December 1999 Williams paid the respondent a legal fee of $7,420 to handle the matter. On May 2, 2000, the respondent asked Williams to lend him $2,500, even though he was still representing her. The respondent did not inform Williams that entering into a business transaction with her created a potential conflict of interest. He did not explain the terms of the transaction to her in writing, and he did not advise her to seek the advice of independent counsel about it. Ms. Williams did not consent to the terms of the transaction in writing. On May 2, 2000, she verbally agreed to the respondent's request and loaned him $2,500 in cash. On the same date, the respondent executed a promissory note in which he acknowledged the loan and promised to repay Williams by September 20, 2000. In October 2000, the respondent repaid Williams $2,500.

Charge Two alleged that the respondent engaged in conduct with a client that adversely reflects on his fitness to practice law, in violation Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In October 2000, the respondent escorted Williams to a night club in Brooklyn after they attended a political event earlier in the evening. At the club, the respondent made two improper sexual advances to Williams, which she rejected.

Charge Three alleged that the respondent failed to provide a matrimonial client with a statement of client's rights and re-

sponsibilities, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and 22 NYCRR 1400.2. In December 1998, when Williams retained the respondent to represent her in a matrimonial matter, he was required by 22 NYCRR part 1400, the Appellate Divisions' Procedure for Attorneys in Domestic Relations Matters, to provide her with a statement of client's rights and responsibilities. The respondent failed to provide Williams with the required statement of client's rights and responsibilities.

Charge Four alleged that the respondent failed to timely satisfy a lawful judgment of the New York City Civil Court, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). On May 19, 1998, Julia A. Gross retained the respondent to represent her regarding the custody of her grandchild. On that date, she paid the respondent $500 of a $1,500 legal fee to handle the matter. Shortly thereafter, Gross advised the respondent that she no longer needed his legal services. The respondent agreed to refund to her the unearned legal fee, but failed to do so. Gross sued the respondent in the Civil Court, Queens County, Small Claims Part, to recover the unearned legal fee. On May 4, 1999, after an inquest, a default judgment in the amount of $510 was rendered against the respondent. Although he was aware of the judgment, the respondent failed to promptly satisfy it. Moreover, he did not appeal the judgment or move to vacate it. On July 24, 2000, Gross filed a complaint with the petitioner alleging that the respondent still had not satisfied the judgment. On April 10, 2002, the respondent satisfied the judgment by paying Gross a total of $635.

Charge Five alleged that the respondent failed to properly reregister as an attorney with the Office of Court Administration, in violation of Judiciary Law § 468-a, 22 NYCRR 118.1 (b), and Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). On January 31, 1979, the respondent was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division, Second Judicial Department. After being admitted to practice, he was required to file a registration statement with the Office of Court Administration pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (b). The respondent was also required to reregister as an attorney with the Office of Court Administration on a biennial basis pursuant to Judiciary Law § 468-a and

Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (b). The respondent failed to reregister within 30 days of his birthday, as required, for the registration periods 1998-1999 and 2000-2001. On July 31, 2000, as a result of his failure to reregister, the petitioner initiated a sua sponte investigation against him. In November 2000, he reregistered and paid the required registration fees.

Based on the evidence adduced at the hearing, all five charges should have been sustained by the Special Referee.

The respondent's disciplinary history consists of a letter of caution and five admonitions, one of which was personally delivered.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and COZIER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee insofar as it sustained Charges One, Three, Four, and Five and to disaffirm the report of the Special Referee insofar as it failed to sustain Charge Two is granted; and it is further,

Ordered that the respondent, Derrick G. Arjune, is suspended from the practice of law for a period of three years, commencing August 7, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the three-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Derrick G. Arjune, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.